1  Spencer C. Skeen, CA Bar No. 182216
   spencer.skeen@ogletree.com
2  Marlene M. Moffitt CA Bar No. 223658
   marlene.moffitt@ogletree.com
3  Stephen A. Dolar CA Bar No. 339637
   stephen.dolar@ogletree.com
4  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
5  4660 La Jolla Village Drive, Suite 900
   San Diego, CA  92122
6  Telephone:    858-652-3100
   Facsimile:    858-652-3101
7
8  Attorneys for Defendants JONES LANG
   LASALLE AMERICAS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VILLA, on behalf of himself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>JONES LANG LASALLE AMERICAS, INC.; and DOES 1 to 100, inclusive<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; and Declarations of Nandini Amin and Marlene Moffitt]<br><br>Complaint Filed:  March 25, 2025<br>Removal Date: |

**TABLE OF CONTENTS**

I.  STATE COURT ACTION ................................................................................................ 1

II. REMOVAL IS TIMELY ................................................................................................ 1

III. REMOVAL IS PROPER UNDER CAFA ..................................................................... 2

    A.  CAFA's Diversity of Citizenship Requirement Is Satisfied ............................. 3

    B.  CAFA's Class Size Requirement Is Satisfied ................................................... 4

    C.  CAFA's $5 Million Amount in Controversy Requirement Is Satisfied ............ 4

        1.  Alleged Unpaid Wages, Including Unpaid Overtime ............................ 5

        2.  Alleged Meal Break Violations ............................................................... 6

        3.  Alleged Rest Break Violations ................................................................ 7

        4.  Wage Statement Penalties ....................................................................... 8

        5.  Waiting Time Penalties ........................................................................... 8

        6.  Attorney's Fees ........................................................................................ 9

        7.  Summary ................................................................................................... 9

IV. VENUE IS PROPER ..................................................................................................... 10

V.  DEFENDANT HAS SATISFIED THE REMAINING REMOVAL REQUIREMENTS ......................................................................................................... 10

VI. CONCLUSION ............................................................................................................... 11

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                 **Page(s)**

*Bradford v. Bank of Am. Corp.*,
 No. CV 15-5201-GHK (JCX), 2015 WL 5311089 (C.D. Cal. Sept. 10, 2015) ........................ 3

*Byrd v. Masonite Corp.*,
 No. EDCV 16-35 ............................................................................................................................ 6

*Campbell v. Vitran Exp., Inc.*,
 471 Fed. Appx. 646 (9th Cir. 2012) ............................................................................................. 7

*Falk v. Children's Hospital Los Angeles*,
 237 Cal.App.4th 1454 (2015) ....................................................................................................... 8

*Garibay v. Archstone Communities LLC*,
 539 F. App'x 763 (9th Cir. 2013) ................................................................................................. 9

*Harris v. Bankers Life and Cas. Co.*,
 425 F.3d 689 (9th Cir. 2005) ........................................................................................................ 1

*Henry v. Cent. Freight Lines, Inc.*,
 692 F. App'x 806 (9th Cir. 2017) ................................................................................................. 5

*Hertz Corp. v. Friend*,
 130 S. Ct. 1181 (2010) .................................................................................................................. 3

*Jasso v. Money Mart Express, Inc.*,
 No. 11-CV-5500 YGR, 2012 WL 699465, 6 (N. D. Cal. Mar. 1, 2012) ................................... 6

*John Serra, et al. v. Jones Lang LaSalle Americas, Inc.*,
 Alameda Superior Court, Case No. 23CV042838 ............................................................. 4, 6, 8

*Lew v Moss*,
 797 F.2d 747 (9th Cir. 1986) ........................................................................................................ 3

*Mackall v. Healthsource Glob. Staffing, Inc.*,
 No. 16-CV-03810-WHO, 2016 WL 4579099 (N.D. Cal. Sept. 2, 2016) ................................. 7

*Pineda v. Bank of America, N.A.*,
 50 Cal. 4th 1389 (2010) ................................................................................................................ 9

*Ray v. Wells Fargo Bank, N.A.*,
 No. CV 11-01477 AHM, 2011 WL 1790123 (C.D. Cal. May 9, 2011) ................................... 6

*Roth v. CHA Hollywood Medical Center, L.P.*,
 720 F.3d 1121 (9th Cir. 2013) ...................................................................................................... 2

*Rwomwijhu v. SMX, LLC*,
 No. CV1608105ABPJWX, 2017 WL 1243131 (C.D. Cal. Mar. 3, 2017) ............................... 9

ii           Case No.
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

*Sanchez v. Russell Sigler, Inc.*,
  No. CV1501350ABPLAX, 2015 WL 12765359 (C.D. Cal. Apr. 28, 2015) ........................... 9

*Standard Fire Insurance Co. v. Knowles*,
  133 S.Ct. 1345 (2013) ................................................................................................... 4

*Unutoa v. Interstate Hotels & Resorts, Inc.*,
  No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512 (C.D. Cal. Mar. 3, 2015) ......................... 7

**Statutes and Other Authorities**

28 U.S.C. § 84(a) ........................................................................................................... 10

28 U.S.C. § 1332(c) ......................................................................................................... 3

28 U.S.C. § 1332(c)(1) .................................................................................................... 3

28 U.S.C. § 1332(d) ................................................................................................*passim*

28 U.S.C. § 1332(d)(2) .................................................................................................... 4

28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b) ...................................................... 3

28 U.S.C. § 1441(a) ....................................................................................................... 10

28 U.S.C. § 1446 ......................................................................................................... 1, 2

28 U.S.C. §1446(a) ........................................................................................................ 10

28 U.S.C. section 1446(b) .......................................................................................... 1, 10

28 U.S.C. §1446(d) ................................................................................................... 10, 11

Business and Professions Code §§ 17200, et seq. ........................................................... 2

Class Action Fairness Act ("CAFA") ....................................................................*passim*

Cal. Bus. & Prof. Code § 17208 ...................................................................................... 7

Cal. Code Civ. Proc. § 340(a) .......................................................................................... 8

California Code of Civil Procedure § 382 ....................................................................... 4

California Labor Code § 203 ........................................................................................... 8

California Labor Code § 226 ........................................................................................... 8

Labor Code section 1194(a) ............................................................................................. 5

Federal Rule of Civil Procedure 6(a) ............................................................................. 10

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Defendant JONES LANG LASALLE AMERICAS, INC. ("Defendant" or "JLL") removes this putative action to the United States District Court for the Northern District of California under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ["CAFA"]) and § 1446 because (1) Plaintiff and other members of the putative class are citizens of a State different from Defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied here.

The foregoing facts were true when Plaintiff filed his Class Action Complaint ("Complaint") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below.

## I. STATE COURT ACTION

1. Plaintiff ANTHONY VILLA ("Plaintiff") filed a Class Action Complaint ("Complaint") on March 25, 2025, in San Benito Superior Court ("Action"), Case No. CU-25-00071 (Moffitt Decl., ¶ 2.) *See* Declaration of Marlene Moffitt ["Moffitt Decl."], ¶ 2; Ex. 1 (Complaint). A copy of the Complaint is attached as **Exhibit 1**.

2. JLL was served with the Complaint on May 5, 2025. *See* Moffitt Decl., ¶ 3; Ex. 1 (Proof of Service). A copy of the proof of service is attached as **Exhibit 1**.

3. JLL timely filed its Answer to the Complaint in the Superior Court of California, County of San Benito. (Moffitt Decl., ¶ 5.)

## II. REMOVAL IS TIMELY

4. The time to remove under 28 U.S.C. section 1446(b) does not begin to run until receipt by the defendant, through service or otherwise, of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Here, the four corners of the Complaint do not provide readily ascertainable grounds for removal. The Complaint does not allege

facts to calculate the amount in controversy with reasonable certainty as to the individually-named plaintiff or as to the putative class. Nor does the Complaint allege any claim under federal law. Accordingly, it is not possible to ascertain from the Complaint that this case is removable, and, to date, Defendant has not received any other document that would constitute an "other pleading, motion, order or other paper" providing this missing information. Accordingly, the time to remove this action has not yet begun.  Where the time to remove has not yet expired, a defendant may remove at any time if it uncovers evidence establishing that the case is removable. *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013). Defendant has only recently discovered such evidence after an arduous collection and review of all records of potential class members and a complex analysis of the estimated damages allocated to each cause of action.  Therefore, Defendant is timely removing this case based on that discovery.

5. Even if it could be determined from the four corners of the Complaint that this action is removable, this Notice of Removal would still be timely.  Defendant was not served with the Complaint until May 5, 2025, and this Notice of Removal was filed within 30 days thereafter. (Moffitt Decl., ¶ 3.)  Thus, the removal is timely.

### III. REMOVAL IS PROPER UNDER CAFA

6. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of the proposed class is over 100 in the aggregate; and where the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

7. Removal is proper given Plaintiff's allegations and claims. The Complaint asserts these claims on a class basis: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Permit Rest Breaks; (5) Failure to Reimburse Business Expenses; (6) Failure to Provide Complete and Accurate Wage Statements; (7) Failure to Timely Pay All Wages Earned During Employment and at Separation; and (8) Unfair Business Practices in Violation of Business and Professions Code §§ 17200, et seq., among other claims. (*See* Ex. 1 [Complaint].)

8.      This Court has jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class of plaintiffs is a citizen of a state different from Defendant; the number of potential class members is over 100; and the matter in controversy exceeds $5 million, exclusive of interest and costs.

**A. CAFA's Diversity of Citizenship Requirement Is Satisfied**

9.      CAFA's diversity requirement is satisfied "so long as 'any member of a class of plaintiffs is a citizen of a state different from any defendant.'" *Bradford v. Bank of Am. Corp.,* No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015); citing, *California v. InelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014); 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b).

10.     Citizenship of Plaintiff and putative class members. At all relevant times, Plaintiff was a citizen of California. (Ex. 1 [Complaint], ¶ 3.) Members of the proposed class, who by definition are or were employed in California, are presumed to be primarily citizens of the State of California. (*See* Ex. 1 [Complaint], ¶ 2, 3; *See, e.g., Lew v Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("place of employment" is an important factor weighing in favor of citizenship).

11.     Citizenship of Defendant. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court established the proper test for determining a corporation's principal place of business for diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at p. 1184. It is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

12.     At all relevant times, JLL has been a citizen of Maryland and Illinois. (*See* Amin Decl. ¶ 2). JLL was organized under the laws of the State of Maryland with its principal place of business in Illinois. (*Id.*) JLL's principal address, along with its CEO, Secretary, and CFO are located in

Chicago, Illinois. JLL is headquartered in Illinois and its core executive and administrative functions occur there. (Amin Decl., ¶ 2.)

13. As the Defendant is a citizen of Maryland and Illinois, which are different states than Plaintiff's citizenship in California, the minimal diversity of citizenship requirement under 28 U.S.C. § 1332(d)(2) is met.

### B. CAFA's Class Size Requirement Is Satisfied

14. Plaintiff brings this Action pursuant to California Code of Civil Procedure § 382 on behalf of numerous subclasses (collectively defined as the "Class"), including persons that fall within this category:

> "All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class . . . ." (Ex. 1 [Complaint], ¶ 43.)

15. Four (4) years before the Complaint was filed on March 25, 2025, is March 25, 2021. Therefore, the class period alleged under the Complaint is March 25, 2021 to present.

16. Plaintiff's claims are subsumed by an earlier-filed class action titled *John Serra, et al. v. Jones Lang LaSalle Americas, Inc.*, Alameda Superior Court, Case No. 23CV042838 ("*Serra*"). The *Serra* action settled on a classwide basis and the class release runs through December 22, 2024. Therefore, JLL considers the shortened time period of December 23, 2024 through the date of this Notice, to determine whether the class size requirement is satisfied. From December 23, 2024 through the date of this Notice, JLL employed more than 421 putative class members. (Amin Decl., ¶ 4.). Thus, CAFA's size requirement of over 100 members is satisfied.

### C. CAFA's $5 Million Amount in Controversy Requirement Is Satisfied

17. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

18. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5 million]." *Standard Fire*

1   *Insurance Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). For removal, "[t]he court accepts the
2   allegations in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor
3   on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (citing
4   *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012).

5       19.    Plaintiff seeks the recovery of meal and rest period premium pay, unpaid wages (including minimum wages, regular rate wages, and overtime wages), itemized wage statement penalties, reimbursement, and waiting time penalties on behalf of himself and the putative class. (*See* Ex. 1 [Complaint].). The Complaint, on its face, satisfies the $5 million threshold for CAF Removal. *See* 28 U.S.C. § 1332(d).

### 1. **Alleged Unpaid Wages, Including Unpaid Overtime**

    20.    In support of his first and second causes of action, Plaintiff alleges he and the putative class members were not paid "for all hours' work as a result of forced rounding." (Ex. 1, [Complaint], ¶¶ 15, 20). Additionally, Plaintiff alleges he and the putative class members were not paid for overtime: "To the extent employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been paid overtime for this unpaid time." (*Id.*).

    21.    Labor Code section 1194(a) provides:

> "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

    22.    Defendant denies Plaintiff or the putative class members failed to receive wages and were not paid all overtime wages earned.[1] However, because Plaintiff has alleged he and other class members worked more than eight hours in a day and more than 40 hours in a week, at a minimum,

---

[1] In alleging the amount in controversy in this Notice, JLL does not concede in any way Plaintiff's allegations are accurate, or that Plaintiff or the putative class members are entitled to any monetary relief. JLL does not concede any putative class members are appropriately included in the Action.

the court should apply to the amount in controversy requirement a conservative assumption of 1 hour of unpaid overtime wages each workweek that the putative class members worked in California.

23. Based on JLL's records, the number of putative class members from December 23, 2024, to the date of this Notice is at least 421. Those employees worked a total of at least 11,788 weeks and had an average hourly rate of pay of $45.00. (Amin Decl., ¶ 4.) These numbers are based on a shortened time period due to the *Serra* settlement, although JLL is not required to shorten the time period for purposes of removal calculations.

24. The calculation of Plaintiff's class allegations for unpaid time-and-a-half overtime wages is at least **$795,690.00** ($45.00 per hour x 1.5 overtime premium x 1 hour * 11,788 workweeks). The computation is based on corporate business records that show 421 putative class members worked 11,788 weeks since December 23, 2024, with an average regular rate of $45.00 per hour, and the assumption that each putative class member incurred 1 hour of unpaid overtime every workweek. (*Id.*)

25. An assumption of one hour of unpaid overtime for every workweek has been accepted by the federal courts as a reasonable and conservative figure. *See Jasso v. Money Mart Express, Inc.,* No. 11-CV-5500 YGR, 2012 WL 699465, at *56 (N. D. Cal. Mar. 1, 2012) (holding that calculating at least one violation per week was a "sensible reading of the alleged amount in controversy"); *Ray v. Wells Fargo Bank, N.A.,* No. CV 11-01477 AHM (JCx), 2011 WL 1790123, at *6-7 (C.D. Cal. May 9, 2011). This is especially the case where, as here, the plaintiff fails to provide specific allegations concerning the frequency of which he worked overtime without being provided the requisite compensation. *See Byrd v. Masonite Corp.,* No. EDCV 16-35 JGB (KKX), 2016 WL 2593912, at *5 (C.D. Cal. May 5, 2016).

**2. Alleged Meal Break Violations**

26. In support of his third cause of action, Plaintiff alleges he and the putative class members were required to work through their meal periods and that meal periods were untimely, interrupted, and not duty-free. (Ex. 1. [Complaint], at ¶ 26.) For this, Plaintiff seeks to recover on behalf of himself and other putative class members "a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not

receive all legally required and compliant meal periods." (Ex. 1 [Complaint], ¶¶ 27-28.). Plaintiff alleges meal period violations under the UCL, which has a four (4) year statute of limitations. Cal. Bus. & Prof. Code § 17208.

27.  JLL's calculation of Plaintiff's claim for meal period violations is at least **$530,460.00** ($45.00 avg hourly rate x 1 meal premium per week x 11,788 weeks). This computation is based on corporate business records that show putative class members have worked 11,788 weeks since December 23, 2024, and at an average regular rate of $45.00 per hour, and the assumption that each putative class member incurred one meal period violation for every workweek. (Amin Decl., ¶ 4.)

28.  When determining the amount placed in controversy by a plaintiff's allegations regarding a common practice of meal period violations like those alleged by Plaintiff in the Complaint, an estimate of one meal period violation for every week of work is both reasonable and conservative. Ex. 1 [Complaint], ¶¶ 26-28; *See, e.g., Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 649 (9th Cir. 2012); *Mackall v. Healthsource Glob. Staffing, Inc.*, No. 16-CV-03810-WHO, 2016 WL 4579099, at *5 (N.D. Cal. Sept. 2, 2016) (acknowledging that multiple decisions from the Northern District of California have recognized assumptions of one missed meal period per week as "reasonable in light of policy and practice allegations and allegations that defendants' 'regularly' denied class member breaks."); *Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) (approving of defendant's assumption that class members missed one required meal period per week).

### 3. Alleged Rest Break Violations

29.  In support of his fourth cause of action, Plaintiff alleges that Defendant failed to provide rest periods to Plaintiff and class members. (Ex. 1 [Complaint], at ¶ 31.) For this, Plaintiff seeks to recover on behalf of himself and other putative class members "a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant rest periods." Ex. 1 [Complaint], ¶ 32.) Plaintiff alleges rest period violations under the UCL which has a four (4) year statute of limitations. Cal. Bus. & Prof. Code § 17208.

30. JLL's calculation of Plaintiff's claim for rest period violations is at least **$530,460.00** ($45.00 avg hourly rate x 1 meal premium per week x 11,788 weeks). This computation is based on corporate business records that show putative class members have worked 11,788 weeks since December 23, 2024, and at an average regular rate of $45.00 per hour, and the assumption that each putative class member incurred one meal period violation for every workweek. (Amin Decl., ¶ 4.)

### 4. Wage Statement Penalties

31. Plaintiff seeks penalties for allegedly inaccurate wage statements under California Labor Code § 226 on behalf of himself and the putative class. (Ex. 1 [Complaint], at ¶¶ 39-40.) Plaintiff alleges the wage statements were deficient because they failed to "provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for compensated time and who did not receive all their earned wages. . . in violation of Labor Code section 226." (*Id*., at ¶ 40.)

32. Labor Code section 226 carries a one-year statute of limitations, making the liability period here span from September 6, 2022 to present (i.e., one year prior to the filing of the Complaint). Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal.App.4th 1454, 1469 (2015). For purposes of these calculations, JLL has shortened the time period at issue based on the settlement in *Serra*, although it is not required to do so.

33. From December 23, 2024, to the Notice of Removal, JLL issued approximately 5,894 wage statements to at least 421 non-exempt employees in California. (Amin Decl., ¶ 5.)

34. Therefore, based on Plaintiff's allegations, the amount in controversy for this claim is at least **$568,350.00** (421 initial wage statements x $50 = $21,050; 5,473 [5,894 - 421] subsequent wage statements x $100 = $547,300 [$21,050 + $547,300 = $568,350]).

### 5. Waiting Time Penalties

35. Plaintiff seeks waiting time penalties under California Labor Code § 203 on behalf of himself and other class members who are no longer employed by JLL "from three (3) years prior to the filing of the initial Complaint. . . ." (Ex. 1 [Complaint], ¶¶ 41-42, 43.)

36. California Labor Code § 203 provides that "[i]f an employer willfully fails to pay… any wages of an employee who is discharged or who quits, the wages of the employee shall continue

as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." A three-year statutory period applies to Plaintiff's claim for waiting time penalties. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010).

37. During the relevant time period, JLL severed employment with at least 421 non-exempt employees in California, and their average hourly rate was approximately $45.00. (Amin Decl., ¶ 6.) This equals an average daily rate (8 hours) of $360.00. (*Id.*) Thus, the amount in controversy for waiting time penalties is at least **$4,546,800** ($45.00 average hourly rate x 8 hours x 30 days x 421 former employees).

### 6. Attorney's Fees

38. Based on the above claims, JLL has demonstrated at least **$6,971,760.00** ($795,690.00 + $530,460.00 + $530,460.00 + $568,350.00 + $4,546,800.00) is in controversy based on Plaintiffs' allegations.

39. Plaintiff also seeks attorney fees. (Ex. 1 [Complaint] ¶¶ 52, 63, 87, 156, 166, 170). In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id*. (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc.*, No. CV1501350ABPLAX, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015).

40. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$1,742,940.00** (0.25 * $6,971,760.00).

### 7. Summary

41. Even excluding Plaintiff's other claims for alleged failure to reimburse business expenses, minimum wage violations, untimely wages during employment, and recordkeeping

violations, the amount in controversy is at least $8,714,700.00 ($6,971,760.00 + $1,742,940.00), which readily satisfies the $5 million threshold for CAFA. See 28 U.S.C. § 1332(d). Even the most conservative of estimates for Plaintiff's potential recoveries from the additional claims push the amount in controversy even further over the $5 million threshold. Defendant reserves the right to present additional information regarding the amount placed in controversy by Plaintiff's causes of action in response to any Motion to Remand or Order to Show Cause challenging the propriety of this removal.

| Unpaid Overtime | $795,690.00 |
|---|---|
| Meal Break violations | $530,460.00 |
| Rest Break violations | $530,460.00 |
| Wage Statement Penalties | $568,350.00 |
| Waiting Time Penalties | $6,971,760.00 |
| Attorney fees | $1,742,940.00 |
| **Total** | **$8,714,700.00** |

## IV. VENUE IS PROPER

42. The Superior Court for the County of San Benito is within the Northern District of California. 28 U.S.C. § 84(a). Therefore, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

## V. DEFENDANT HAS SATISFIED THE REMAINING REMOVAL REQUIREMENTS

43. Under 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the Declarations of Nandini Amin and Marlene Moffitt, and Exhibit 1, which constitute a copy of all processes, pleadings, and orders provided to JLL.

44. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as it was served within 30 days of service of the Complaint, which is the initial pleading setting forth the claim upon which the action is based. (Moffitt Decl. ¶¶ 2-5.)

45. As required by 28 U.S.C. §1446(d), Defendant provided Notice of Removal to Plaintiff through their attorneys of record.

46. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for San Benito County.

47. If this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests it issue an Order to Show Cause so it may have an opportunity to more fully brief the grounds for this removal.

## VI. CONCLUSION

For the foregoing reasons, JLL removes the above-entitled action to the United States District Court for the Northern District of California.

DATED: May 30, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Marlene M. Moffitt*
Spencer C. Skeen
Marlene M. Moffitt
Stephen A. Dolar

Attorneys for Defendants JONES LANG LASALLE AMERICAS, INC.